**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4857**

_____

UNITED STATES OF AMERICA,

                   Plaintiff – Appellee,

        v.

TERRY WIGGS,

                   Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:07-cr-00048-IMK-JSK-1)

_____

Submitted:  February 16, 2012      Decided:  February 21, 2012

_____

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia; Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld II, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lee Wiggs appeals from his twenty-four-month sentence imposed upon revocation of his supervised release. On appeal, Wiggs alleges that his sentence was plainly unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See Crudup, 461 F.3d at 439. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, "it still must provide a statement of reasons for the

2

sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is *plainly* unreasonable." Id. at 439.

After review of the record, we conclude that the revocation sentence is not plainly unreasonable. The twenty-four month prison term does not exceed the applicable maximum allowed by statute. The district court considered the argument of Wiggs' counsel, the Guidelines advisory range, the recommendation of the Government, and relevant § 3553(a) factors, addressing on the record Wiggs' history and characteristics, the nature and circumstances of his violative behavior, the need for the sentence to deter Wiggs, and Wiggs' breach of trust following prior lenient treatment. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C); U.S. Sentencing Guidelines Manual Ch. 7, Pt. A, introductory cmt. 3(b) (2010). The district court adequately explained its rationale for imposing sentence, and the reasons relied upon are proper bases for the sentence imposed.

Accordingly, we conclude that Wiggs' sentence was reasonable, and we affirm the district court's order imposing the twenty-four-month prison sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4